PEOPLE *v.* SPALL

CRIMINAL LAW—RIGHT TO COUNSEL—ASSIGNED COUNSEL—WAIVER.
   Defendant intelligently waived his right to counsel where he was informed on several occasions during that taking of his plea of guilty that he had a right to appointed counsel and he replied that he understood his right but chose not to be represented by counsel.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 April 9, 1970, at Lansing. (Docket No. 7,457.)   Decided April 30, 1970.

Rex Norman Spall was convicted, on his plea of guilty, of breaking and entering.   Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas Kizer, Jr.,* Prosecuting Attorney, for the people.

*Richard H. Zatkin,* for defendant on appeal.

Before: McGREGOR, P. J., and DANHOF and LARNARD,* JJ.

PER CURIAM.   Defendant, without counsel, pled guilty of the crime of breaking and entering, con-

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 316, 488.

trary to MCLA 1970 Cum Supp § 750.110 (Stat Ann 1970 Cum Supp § 28.305). The only issue raised on appeal is whether defendant intelligently waived his right to counsel.

We have reviewed the transcript of the guilty plea proceedings, and find that on several occasions defendant was informed that he had a right to appointed counsel. On all such occasions, except one wherein defendant did not speak but nodded in an affirmative manner, defendant replied that he understood his right but chose not to be represented by counsel.

We find no error in these proceedings.

Affirmed.